JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PMH LABORATORY, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>CIGNA HEALTHCARE OF CALIFORNIA, INC.; CIGNA HEALTH AND LIFE INSURANCE COMPANY; and DOES 1 through 100, inclusive,<br><br>      Defendants. | Case No. 2:22-cv-06716-SPG (PLAx)<br><br>**ORDER GRANTING PLAINTIFF PMH LABORATORY INC.'S MOTION TO REMAND ACTION TO STATE COURT [ECF NO. 17]** |

  Before the Court is Plaintiff PMH Laboratory, Inc.'s motion to remand this action to state court. (ECF No. 17 ("Mot.")). Defendants Cigna Healthcare of California and Cigna Health and Life Insurance Company ("Defendants") opposed the motion and Plaintiff timely replied. (ECF No. 24 ("Opp."); ECF No. 25 ("Reply")). The Court has read and considered the matters raised with respect to the motion and concluded that this matter is suitable for decision without oral argument. See Fed. R. Civ. P. 78(b); Local Rule 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Plaintiff's motion to remand.

## I. BACKGROUND

Plaintiff filed its Complaint on August 16, 2022, in Los Angeles County Superior Court. (ECF No. 1-1 ("Compl.")). On or about August 19, 2022, Plaintiff served Defendants with a copy of the Complaint and Summons in this action (ECF No. 1 at 2). On September 19, 2022, Defendants removed the action to this Court. (ECF No. 1). Defendants based their removal on both federal question and diversity jurisdiction. (*Id.*). One month later, on October 19, 2022, Plaintiff filed the instant motion to remand this case to state court, arguing that Defendants had not met their burden to demonstrate a federal question.[1]

Plaintiff's Complaint arises from alleged outstanding payments for Covid-19 testing services provided to holders of insurance policies issued by Defendants. *See* (Compl.). Specifically, Plaintiff's Complaint alleges the following claims against Defendants: (1) violation of California Health & Safety Code § 1342.2; (2) violation of California Business & Professional Code § 17200; (3) negligence per se; (4) unjust enrichment; (5) quantum meruit; (6) money had and received; (7) open book account; (8) account stated; and (9) declaratory and injunctive relief. Defendants argue that Plaintiff's claims necessarily implicate the Employee Retirement Income Security Act ("ERISA"), therefore creating a federal question.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, with subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or due to diversity of citizenship under 28 U.S.C. § 1332. Generally, "[a] cause of action arises under federal

---

[1] Both parties also acknowledge that Defendants have dropped their argument for diversity jurisdiction.

law only when the plaintiff's well pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). This "well-pleaded complaint rule is the basic principle marking the boundaries of the federal question jurisdiction" in district courts. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (internal citation omitted). Additionally, federal courts strictly construe the removal statute against removal jurisdiction and resolve all ambiguities "in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Courts must remand a removed case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

## III.   DISCUSSION

Plaintiff's Complaint states only causes of action under California law. However, Defendants argue that Plaintiff's suit falls within an exception to the well-pleaded complaint rule for causes of action that are preempted by ERISA. Complete preemption under ERISA § 502(a) allows for removal to federal court even if no federal cause of action has been pled because it is "really a jurisdictional rather than a preemption doctrine." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) (internal citation omitted).

However, complete preemption removal is only proper if both prongs of the test set out by the Supreme Court in *Aetna Health Inc. v. Davila* are met. 542 U.S. 200, 210 (2004). Therefore, in order for removal based on complete preemption to be proper, a defendant must show that (1) a plaintiff seeking to assert a state law claim "at some point in time could have brought [the] claim under ERISA § 502(a)(1)(B);" and (2) there must be "no other independent legal duty that is implicated by a defendant's actions." *Id*. Here, Plaintiff argues removal was not proper because neither prong has been satisfied. Because the court finds that Defendant has not met its burden under the first prong of *Davila* to demonstrate that Plaintiff could have brought its claims under ERISA § 502(a)(1)(B), the Court does not reach the issue of independent legal duty.

ERISA carefully "details who may bring suit and what remedies are available." *Reynolds Metals Co. v. Ellis*, 202 F.3d 1246, 1247 (9th Cir. 2000). The list of permissible parties includes plan participants, beneficiaries, the Secretary of labor, and fiduciaries. 29 U.S.C. § 1132(a). Non-participant providers cannot bring claims on their own behalf, but must instead rely on their patients' assignments of their benefits claims. *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282, 1288–89 (9th Cir. 2014). Therefore, as both parties here acknowledge, if a provider-plaintiff does not have any assignments from any of its patients, it could not have brought its claim under ERISA § 502, and ERISA preemption will not allow for removal. *See* (ECF No. 17-1 at 14–15); *see also* (ECF No. 24 at 19–20).

Here, Plaintiff is a healthcare provider and therefore may only bring an action under ERISA if it possesses patients' assignments of their benefits. *Spinedex*, 770 F.3d at 1288–89. However, Plaintiff argues that none of its claims relate to patient assignments. (ECF No. 17-1 at 8). Defendants, for their part, concede that if Plaintiff "assert[s] that it has no assignments from any of the patients at issue or agree[s] that it does not seek reimbursement for any claims for which it does not have a valid assignment," then it could not bring a claim under ERISA § 502. (ECF No. 24 at 19–20). In its reply, Plaintiff repeatedly states that it does not have any patient assignments. *See* (ECF No. 25 at 9 ("no patient assignment exist, as PMH does not take patient assignments")); *see also* (*id.* at 10 ("PMH does not obtain assignments from its patients as a general practice and no assignments are known to exist relating to PMH's claims asserted in the Complaint")). Because Plaintiff has repeatedly represented to the Court that it does not have any assignments from any of the patients at issue, as Defendants conceded would be sufficient to avoid ERISA preemption, Plaintiff could not have brought its claims under ERISA.[2] Thus, Defendants have failed to

---

[2] *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (en banc) ("statements of fact contained in a brief may be considered admissions of the party in the discretion of the district court" and are therefore "conclusively binding on the party who

meet their burden under the first *Davila* prong and ERISA preemption does not apply. Without ERISA preemption, the well-pleaded complaint rule necessitates that this case be remanded to state court.

## IV. CONCLUSION

For the reasons stated above, the Court hereby GRANTS Plaintiff's motion and remands this action to the Superior Court of California, County of Los Angeles.

DATED: December 12, 2022

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

---

made them"); *see also Gospel Missions of Am. v. City of LA*, 328 F.3d 548, 557 (9th Cir. 2003).